1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CALYSTA SHARP,                          No.  2:17-cv-00219-KJM-AC

12                   Plaintiff,

13          v.                               ORDER

14   STOCKTON ENTERPRISES,

15                   Defendant.

16

17          Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the

18   undersigned by E.D. Cal. 302(c)(21).  Plaintiff has, in two separate motions, requested leave to

19   proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.  ECF Nos. 2 and 4.  The request

20   will be denied because the complaint, in its current form, is frivolous.  Where "plaintiff's claim

21   appears to be frivolous on the face of the complaint," the district court may "deny[] plaintiff leave

22   to file *in forma pauperis*."  O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).  Moreover, the

23   applications for IPF do not in their present form demonstrate plaintiff's inability to pay the filing

24   fee.

25                              I.  SCREENING

26          Plaintiff must assist the court in determining whether the complaint is frivolous or not, by

27   drafting his complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ.

28   P.").  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-

                                          1

policies/current-rules-practice-procedure/federal-rules-civil-procedure.  Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).  However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## A. The Complaint

The complaint is almost entirely blank, with the exception of the parties' names and addresses. Plaintiff checks the box indicating this court has jurisdiction because a federal question is at issue, but when prompted to list the federal law at issue plaintiff only writes "#896; Arbitration, et al." ECF No. 1 at 3. Plaintiff attaches to her complaint what appears to be an internet search result, showing a communication purportedly from defendant. Id. at 8.

## B. Analysis

The complaint does not contain any facts showing that plaintiff has a claim entitling him to relief. The information plaintiff provided does not allege that defendant violated any state law or federal right. In addition, the complaint does not contain any facts showing that federal jurisdiction exists, that is, that the case is properly filed in this court, rather than in a state court.

In order to survive IFP screening, the complaint must allege facts showing that defendant engaged in some conduct that the law prohibits (or failed to do something the law requires), and that in doing so, defendant harmed plaintiff. In addition, if a state law alone is at issue, plaintiff must allege facts showing that "diversity" jurisdiction exists, that is, that the amount in controversy exceeds $75,000, and that he is a citizen of a different state than the defendant. See 28 U.S.C. § 1332.

It is not clear from the few factual allegations of the complaint whether plaintiff could possibly state a claim that can be heard in this court, and that would entitle him to relief. Plaintiff will therefore be given an opportunity to amend his complaint.

## C. Amending the Complaint

The amended complaint, in addition to alleging facts establishing the existence of federal jurisdiction, must contain a short and plain statement of plaintiff's claim. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Fed. R. Civ. P. 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's

1   Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at

2   www.uscourts.gov/forms/pro-se-forms.

3       Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid

4   narrative and storytelling.  That is, the complaint should not include every detail of what

5   happened, nor recount the details of conversations (unless necessary to establish the claim), nor

6   give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should

7   contain only those facts needed to show how the defendant legally wronged the plaintiff.

8       The amended complaint must not force the court and the defendants to guess at what is

9   being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)

10  (affirming dismissal of a complaint where the district court was "literally guessing as to what

11  facts support the legal claims being asserted against certain defendants").  The amended

12  complaint must not require the court to spend its time "preparing the 'short and plain statement'

13  which Rule 8 obligated plaintiffs to submit." Id. at 1180.  The amended complaint must not

14  require the court and defendants to prepare lengthy outlines "to determine who is being sued for

15  what." Id. at 1179.

16      Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's

17  amended complaint complete.  An amended complaint must be complete in itself without

18  reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended

19  complaint supersedes the original complaint.  See Pacific Bell Telephone Co. v. Linkline

20  Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint

21  supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice &

22  Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an

23  original complaint, each claim and the involvement of each defendant must be sufficiently

24  alleged.

## II.  CONCLUSION

26      Accordingly, IT IS HEREBY ORDERED that:

27      1.  Plaintiff's requests to proceed in forma pauperis (ECF Nos. 2 and 4) are DENIED

28  without prejudice.

4

2.  Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions given above, along with an amended request for IFP status that adequately explains the circumstances of her poverty.  Alternatively, plaintiff may pay the filing fee.[1]  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: June 12, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1]  However, if plaintiff chooses to pay the filing fee without amending her complaint, the undersigned may recommend that the action be dismissed for lack of federal jurisdiction.  See Fed. R. Civ. P. 12(h) (court may dismiss at any time for lack of jurisdiction).