| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALYSTA SHARP, | No. 2:17-cv-00219 KJM AC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| STOCKTON ENTERPRISES, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se, and this case was accordingly referred to the undersigned by Local Rule 302(c)(21). The court has twice instructed plaintiff to file a complaint which complies with federal pleading requirements, the Federal Rules of Civil Procedure, and this court's Local Rules, and to submit an application for leave to proceed in forma pauperis ("IFP") that is supported by the affidavit required by that statute. ECF Nos. 5, 11; see 28 U.S.C. § 1915(a)(1). Plaintiff has now submitted the necessary documents for her IFP application. ECF No. 14. The motion to proceed IFP will therefore be GRANTED. However, plaintiff's First Amended Complaint ("FAC") fails to satisfy the requirements of this court and does not comply with this court's previous orders. ECF No. 13. Because of these deficiencies, and plaintiff's demonstrated inability to follow the court's directions, the undersigned recommends this case be DISMISSED.

////

1

**I. Screening**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice
////

to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### A. The Complaint

Plaintiff's FAC asserts both diversity jurisdiction and federal question jurisdiction. ECF No. 13 at 3. Plaintiff alleges that she is a California citizen, and she is bringing suit against a California corporation. Id. As the basis for federal question jurisdiction, plaintiff indicates "#896, et al." without further explanation. Id. As a statement of her claim, plaintiff alleges that defendant retained a person on its premises when it knew that plaintiff had a "PO," which the court construes as "protective order," against that person. ECF No. 13 at 4.

### B. Analysis

The FAC is deficient in several respects. First, the FAC does not demonstrate that this court has jurisdiction to entertain the case. Although plaintiff asserts diversity jurisdiction under 28 U.S.C. § 1332(a), her jurisdictional allegations establish that both plaintiff and defendant are citizens of California. ECF No. 13 at 3; see Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) ("[i]n order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State") (emphasis added); Anderson v. Watts, 138 U.S. 694, 706 (1891) ("[t]he place where a person lives is taken to be his domicile until facts adduced establish the contrary"). Diversity jurisdiction requires that plaintiff and defendant are citizens of different states. Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990) ("[s]ince its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship"). Accordingly, plaintiff has not met her burden to

1 | show that diversity jurisdiction exists.

Plaintiff also alleges federal question jurisdiction. Federal question jurisdiction exists where a civil action arises under federal law. 28 U.S.C. § 1331. Accordingly, plaintiff must identify some federal law, federal treaty, or provision of the U.S. Constitution as the basis for her lawsuit. The FAC contains no indication that a federal law is at issue, despite the court's previous instruction that plaintiff clearly identify the federal basis for her suit. Where the form complaint asks for the specific federal law at issue, plaintiff wrote "#896, et al." ECF No. 13 at 3. The court cannot tell which federal law this reference is intended to identify, if any. To the extent this reference could potentially indicate a putative federal claim, the claim is sufficiently insubstantial that it fails to confer federal question jurisdiction. Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 975 (9th Cir. 2012) ("a federal court may dismiss a federal question claim for lack of subject matter jurisdiction" where the claim is "'wholly insubstantial and frivolous' ") (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)).

Even if plaintiff had properly pleaded jurisdictional facts, or could amend to do so, the FAC fails to satisfy federal pleading requirements. Rule 8 requires a "short and plain statement showing that plaintiff is entitled to relief." Fed. R. Civ. P. 8. Plaintiff's statement of facts in her FAC is short, but it does not show that she could be entitled to relief. The court cannot tell from the FAC what plaintiff's alleged injury is, or how the defendant caused it. The purpose of Rule 8 is to ensure that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The FAC does not serve this purpose. Plaintiff has previously been provided detailed instructions about how to satisfy Rule 8, but the FAC is no improvement over the initial complaint and the other filings to which the court has responded. See ECF Nos. 5, 11.

The inadequacy of the complaint is not only one of form. The court has considered all of plaintiff's filings in this case. Taken together, they indicate that the defendant business was plaintiff's former employer, and that defendant allowed plaintiff's ex-husband, against whom she had a restraining order, onto its premises. See ECF No. 9 at 7. If this is true, it is understandable that plaintiff was upset. However, nothing that plaintiff has submitted hints at the existence of an

injury sufficient to confer standing, let alone a cognizable cause of action. Plaintiff has repeatedly failed to identify a claim for relief, and on these facts it does not appear to the court that she can do so.

Further leave to amend is not warranted, because plaintiff's failure to adequately amend in response to the court's instructions indicates that leave to amend would be futile. Courts must grant leave to amend where justice so requires. Fed. R. Civ. P. 15(a). A district court, however, may in its discretion deny leave to amend where a plaintiff has repeatedly failed to cure deficiencies by amendments previously allowed. Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008). District courts have particularly broad discretion to dismiss without leave to amend where a plaintiff has amended once already. See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009). Plaintiff has already been given the chance to amend her complaint, with detailed instructions from the court. ECF No. 5. Instead of filing an amended complaint, plaintiff initially responded by filing documents captioned "Response to Order to Show Cause" and "Objections to Findings and Recommendations." ECF Nos. 9, 10.

These documents included some additional information about the dispute giving rise to the complaint, but failed to comply with the court's directions for amendment. Plaintiff was provided further guidance, ECF No. 11, but the FAC is at least as deficient as the original complaint. Having considered all of plaintiff's filings, including ECF No. 12 (response and objections, filed contemporaneously with First Amended Complaint), the undersigned concludes that further amendment would be futile. Accordingly, the court will recommend that plaintiff's complaint be dismissed without leave to amend.

## II. Pro Se Plaintiff's Summary

The court is recommending that your case be dismissed, because you have not filed a complaint that shows the federal court has jurisdiction over your case, or that you have a legal claim. Because you have already been given an opportunity to amend but have not fixed the problems with your complaint, it is recommended that your case be closed.

////

////

### III. Conclusion

For the reasons explained above, IT IS HEREBY RECOMMENDED that this case be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: October 6, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE